UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TORY ABRAHAM,

                               Plaintiff(s),

                  -against-

THE CITY OF NEW YORK, DETECTIVE VINCENT
GANNON, SHIELD NO.: 03157, DETECTIVE JOHN
SHEEDY, SHIELD NO.: 7177, SERGEANT STEVE
HORODECKI, SHIELD NO.: 04490, POLICE
OFFICER ALAN REID, SHIELD NO.: 03818,
DETECTIVE JEFFREY PECK, SHIELD NO.: 03379
and DETECTIVE JAMES PHILLIPS, SHIELD NO.:
03426,

                                Defendant(s).

------------------------------------------------------------------------X

Civil Action No.:
16-CV-02427 (PKC)(LB)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff, TORY ABRAHAM, by and through his attorneys, RENFROE DRISCOLL &
FOSTER, LLP, as and for his Amended Complaint, against the Defendants, respectfully states
and alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

       1.  This is a civil action for monetary relief, including past economic loss, compensatory
damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983,
1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth
Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff
was deprived of his constitutional and common law rights when the individual defendants falsely
arrested Plaintiff.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.  Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4.  That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5.  Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.  During all times relevant to this Amended Complaint, Plaintiff, TORY ABRAHAM, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

7.  The Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of DETECTIVE VINCENT GANNON, SHIELD NO.: 03157 (hereinafter referred to as "GANNON"),

2

DETECTIVE JOHN SHEEDY, SHIELD NO.: 7177 (hereinafter referred to as "SHEEDY"), SERGEANT STEVE HORODECKI, SHIELD NO.: 04490 (hereinafter referred to as "HORODECKI"), POLICE OFFICER ALAN REID, SHIELD NO.: 03818 (hereinafter referred to as "REID"), DETECTIVE JEFFREY PECK, SHIELD NO.: 03379 (hereinafter referred to as "PECK") and DETECTIVE JAMES PHILLIPS, SHIELD NO.: 03426 (hereinafter referred to as "PHILIPS").

8.  During all times relevant to this Amended Complaint, Defendant, GANNON, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

9.  During all times relevant to this Amended Complaint, Defendant, SHEEDY, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

10. During all times relevant to this Amended Complaint, Defendant, HORODECKI, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances,

regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

11. During all times relevant to this Amended Complaint, Defendant, REID, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

12. During all times relevant to this Amended Complaint, Defendant, PECK, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

13. During all times relevant to this Amended Complaint, Defendant, PHILLIPS, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

14. During all times relevant to this Amended Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

15. During all times relevant to this Amended Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

16. During all times relevant to this Amended Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## **FACTUAL ALLEGATIONS**

17. On or about February 12, 2015, at approximately 5:00 a.m., Plaintiff, Tory Abraham, was detained for an alleged assault and taken from his home, located at 104-15 Inwood Street, Jamaica, County of Queens, City and State of New York.

18. Plaintiff's detention and arrest was without a warrant and without probable cause. Plaintiff was transported to the 111th Precinct, in Queens County, City and State of New York. At approximately 2:00 p.m., Plaintiff was placed in a "line-up" in the presence of his attorneys. Plaintiff was not positively identified by the alleged victim of the alleged assault. However, instead of being released forthwith as he should have been, Plaintiff was transported to Central Booking, Queens County where he was finally released at approximately 10:00 p.m. Plaintiff was never charged with a crime and Plaintiff was never presented for arraignment. He was

simply let out through the back door at Central Booking, Queens County and told that he was free to go.

19. Without provocation or cause, Plaintiff was falsely arrested. Plaintiff was unlawfully restrained of his personal liberty and freedom, denied adequate, proper and timely police protection, and subject to the deprivation of his liberty without probable cause at the hands of the CITY OF NEW YORK, and Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, their agents, employees, servants and assigns.

20. As a result of the defendants, their agents, employees, servants and assigns, failure to act properly, Plaintiff was caused to suffer mental anguish and damage.

21. As a result of the defendants' negligence, failure and wrongful acts, Plaintiff sustained mental anguish, injury to feelings, violation of Constitutional and Civil Rights, expenses incurred, pecuniary injuries and other injuries not yet fully ascertained.

22. The total amount claimed is Five Hundred Thousand Dollars ($500,000.00).

23. A notice of claim was timely served on the CITY and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

24. An examination of Plaintiff, pursuant to GML Section 50-h was conducted on July 31, 2015.

## AS AND FOR COUNT ONE

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24 of this Amended Complaint with the same force and effect as though set forth herein.

26. The individually named defendants were acting in concert and within the scope of their authority when they arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amend to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

27. The false arrest and continued detention of Plaintiff by the individually named defendants was an objectively illegal and unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. By reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

29. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR COUNT TWO

### 42 U.S.C. §1983 – Municipal Liability

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 of this Amended Complaint with the same force and effect as though set forth herein.

31. Prior to February 12, 2015, and since, Defendant, CITY, had permitted and tolerated a pattern and practice of unlawful arrest by police officers against persons within the City of New York.  More specifically, as was done in this case, CITY has permitted police officers to engage

in the practice of sending the "Warrant Squad" out to arrest persons at their homes during the early morning hours without a warrant. And simply relying on a Warrant Card (also known an "I-Card"); which is not a warrant and which is not issued by a Court. But, in most instances, is activated by the investigating officer himself/herself. "I-Cards" are not warrants and do not have the legal effect of a warrant. Despite this egregiously improper conduct, officers who make arrest based upon an I-Card are not prosecuted, seriously disciplined or subjected to restraint. As a result, Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, were caused and encouraged to believe that individuals could be unlawfully arrested at their homes without a warrant and without probable cause, and that such behavior would, in fact, be permitted by CITY.

32. In addition to permitting a pattern and practice of falsely arresting and imprisoning persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents where a person is illegally arrested at his home based upon the false authority of an "I-Card" by its agents/employees.

33. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

34. A system allegedly maintained by the CITY has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the unlawful arrest and other wrongful actions by police officers based upon the fictitious authority of an "I-Card."

35. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

8

a.      Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

b.      Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d.      Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

e.      Create and manufactured false testimony and evidence;

f.      Overlooking false and misleading statements made by Police Personnel.

36. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against persons. These such failure continue and are part of an ongoing culture.

37. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was arrested without a warrant and without probable cause, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, and fear – resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

38. By reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action and attorneys fees pursuant 42 U.S.C. §1988.

### AS AND FOR COUNT THREE

### 42 U.S.C. § 1985 – Conspiracy

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 of this Amended Complaint with the same force and effect as though set forth herein.

40. Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, expressly and impliedly, agreed with each other to arrest and continue the imprisonment/detention of Plaintiff without a warrant and without probable cause.  All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

41. The false arrest and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages.  All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

42. By reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

### 42 U.S.C. § 1986 – Failure to Intervene

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 of this Amended Complaint with the same force and effect as though set forth herein.

44. Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, knew or should have known that the arrest and continued imprisonment/detention of Plaintiff without a warrant and without probable cause violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

45. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the unlawful arrest and continued imprisonment/detention of Plaintiff yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.  All without consideration of plaintiff's rights and in violation of Plaintiff's rights.

46. Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, failure to stop the unlawful arrest and continued imprisonment/detention of Plaintiff constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

47. Defendants, GANNON, SHEEDY, HORODECKI, REID, PECK and PHILLIPS, knew or should have known that the arrest and continued imprisonment/detention of Plaintiff without probable cause was violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

48. By reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### Negligent Hiring, Retention, Training and Supervision

49. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 48 with the same force as if more fully set forth at length herein.

50. CITY and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants who were unfit for the performance of their duties on February 12, 2015, at the aforementioned location.

51. By reason of the foregoing, Plaintiff has been exposed to the deprivation of this constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action.

52. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT SIX

### Negligence

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force as if more fully set forth at length herein.

54. Defendants owed a duty of care to plaintiff.

12

55. Defendants breached that duty of care by unlawfully arresting Plaintiff.

56. As a direct and proximate cause of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

57. All the foregoing occurred without any fault or provocation by Plaintiff.

58. CITY, as the employers of the defendants are responsible for their wrongdoing under the doctrine of respondeat superior.

59. By reason of the foregoing, Plaintiff has been exposed to the deprivation of this constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action.

60. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT SEVEN

### Negligent Infliction of emotional Distress

61. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 60 with the same force as if more fully set forth at length herein.

62. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff sustained great emotional injuries.

64. CITY, as the employers of the Defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

13

65. By reason of the foregoing, Plaintiff has been exposed to severe emotional and psychological damage, mental anguish, disgrace, humiliation and embarrassment and has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00), including the cost of this action.

66. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**JURY DEMAND**

67. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, TORY ABRAHAM, shall recover compensatory damage in the sum of Five Hundred Thousand Dollars ($500,000.00) against the individual defendants and The City of New York Jointly and severally, together with interest and costs; and punitive damages in the sum of Five Hundred Thousand Dollars ($500,000.00) against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
        September 12, 2016

Respectfully submitted,

RENFROE DRISCOLL & FOSTER, LLP

By:  _Patrick K Foster_

14

**Patrick K. Foster, Esq.**
*Attorneys for Plaintiff*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168